# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

PAUL N. STREFF,

    Petitioner,

v.                                                                                 Case No. 07-C-0534

MICHAEL THURMER,

    Respondent.

## **DECISION AND ORDER**

On June 12, 2007, petitioner Paul N. Streff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of second-degree reckless homicide in violation of Wis. Stat. § 940.06(1) and habitual criminality in violation of Wis. Stat. § 939.62. He was sentenced to a twenty-five year prison term. The sentence and judgment of conviction were entered on February 4, 2002, following a plea of guilty.

The petitioner challenges the judgment of his conviction on the following grounds: 1) the repeater portion of his sentence violates his constitutional due process rights, and 2) his trial and postconviction counsel were ineffective.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed June 27, 2007, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." Thus, this court ordered the respondent to file an answer, motion, or other response to the petition for a writ of habeas corpus.

On August 22, 2007, the respondent filed a motion for summary judgment. Subsequently, the petitioner filed a motion for summary judgment. On November 20, 2007, the petitioner filed a document entitled "Petitioner's Rebuttal of Summary Judgment." The respondent filed a reply brief and on January 21, 2008, the petitioner filed an additional document entitled "Rebuttal to Respondent's Reply in Support of Motion for Summary Judgment." The petition is ready for disposition and will be addressed herein.

On March 21, 2008, the petitioner filed a letter requesting the appointment of counsel for the filing of a certificate of appealability and for legal representation in the Seventh Circuit Court of Appeals. At this juncture, it appears that the petitioner is competent to litigate his petition for a writ of habeas corpus himself and that the presence of counsel will not be outcome determinative. See Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993). Consequently, the petitioner's motion for appointment of counsel will be denied without prejudice.

**RELEVANT FACTUAL BACKGROUND**

On February 4, 2002, after a plea of guilty, the petitioner was convicted of one count of second-degree reckless homicide as a habitual criminal in violation of Wis. Stat. §§ 940.06(1)

- 2 -

and 939.62. Milwaukee County Circuit Court Judge John J. DiMotto sentenced the petitioner to twenty years confinement and five years of extended supervision.

By new counsel, the petitioner filed a postconviction motion to withdraw his plea and be tried by a jury. (Respondent's Brief in Support of Motion for Summary Judgment [Respondent's Brief], Exh. B at 2). In his motion, the petitioner asserted that his trial counsel was ineffective for failing to challenge the legality of the search of his apartment. The circuit court denied the petitioner's motion.

The petitioner appealed his judgment of conviction and the order denying his postconviction motion. (Respondent's Brief, Exh. D at 1). The Wisconsin Court of Appeals affirmed the decision of the circuit court, citing Strickland v. Washington, 466 U.S. 668, 687 (1984). Id. at 4. The court held that the petitioner failed to demonstrate that an unlawful search occurred and, therefore, he failed to show that a motion to suppress would have succeeded. The court concluded that the petitioner's trial counsel's failure to file a meritless motion does not constitute deficient performance. Id. at 5.

The petitioner filed a petition for review with the Wisconsin Supreme Court. (Respondent's Brief, Exh. E). The Wisconsin Supreme Court denied the petition for review on August 2, 2004. (Respondent's Brief, Exh. G).

On August 30, 2004, the petitioner filed a pro se motion for postconviction relief seeking to vacate the repeater portion of his sentence. (Respondent's Brief, Exh. H).[1] After reviewing the record and the arguments presented in the parties' briefs, Milwaukee County Circuit Court Judge Karen E. Christenson denied the petitioner's motion. Id.

---

[1] The petitioner's postconviction motion and the subsequent briefing in circuit court is not part of the record.

The petitioner appealed the trial court's decision to the Wisconsin Court of Appeals. (Petition, Exh. I). The petitioner raised four issues: 1) the trial court unconstitutionally used the sentencing date of the petitioner's previous offense to sentence him as a habitual criminal; 2) his trial counsel provided ineffective assistance; 3) the trial court erred in calculating the five-year period resulting in an abuse of process; and 4) his postconviction counsel provided ineffective assistance. (Respondent's Brief, Exh. I at 1-2). The court affirmed the decision of the circuit court, citing Mikrut v. State, 212 Wis.2d 859 (Wis. Ct. App. 1997) and State v. Goldstein, 182 Wis.2d 251 (Wis. Ct. App. 1994), as controlling. (Respondent's Brief, Exh. K at 3). The court held that pursuant to state law, "[o]nce a written judgment of conviction has been entered . . ., that document is properly used to establish the date of prior conviction for purposes of the repeater statute." Id. The court concluded that the circuit court correctly relied on the petitioner's own admission to "establish that the prior judgment of conviction was entered on April 13, 1995, that [the petitioner] was incarcerated pursuant to that conviction until May 2, 1996, and spent an additional eighty-three days in custody on parole violations, and that the current offense was committed on July 22, 2001." Id. at 4.

The court further held that under Wis. Stat. § 990.01(49), a "year" means "a calendar year unless otherwise expressed." Id. Therefore, contrary to the petitioner's argument, the appropriate five-year repeater period extended from May 2, 1996 to May 2, 2001, "regardless of the fact that one of those years was a leap year." Id. Accordingly, the court held that based on Mikruit and Goldstein, the petitioner's trial and postconviction counsel provided effective assistance of counsel.

The petitioner filed a petition for review with the Wisconsin Supreme Court. The court denied the petition on June 14, 2006. (Respondent's Motion for Summary Judgment, Exh. M).

- 4 -

**ANALYSIS**

The petitioner asserts that the repeater portion of his sentence violates his constitutional rights under the First, Third, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Specifically, the petitioner asserts that the Wisconsin Courts unconstitutionally applied Wisconsin's repeater statute, Wis. Stat. § 939.62, to him.

At the outset, the court notes that the respondent does not suggest that the petitioner's assertion that the repeater portion of his sentence violates his constitutional rights is procedurally defaulted.[2] Nevertheless, the respondent did not implicitly or explicitly waive the affirmative defense of procedural default and, therefore, the court may make an inquiry, *sua sponte*, into whether procedural default of the petitioner's claim is present. See Perruquet v. Briley, 390 F.3d 505, 518 (7th Cir. 2004) (citing Kurzawa v. Jordan, 146 F.3d 435, 440 [7th Cir. 1998] ["If the State does not explicitly or implicitly forego the [procedural default] defense, we may make sua sponte inquiry into whether a procedural default is manifest 'and decide whether comity and judicial efficiency make it appropriate to consider the merits' of the petitioner's arguments."]). Accordingly, because the respondent has not foregone a waiver defense, either explicitly or implicitly, this court will determine whether the petitioner satisfied the prerequisites of the habeas statute as to his claim that the Wisconsin courts unconstitutionally applied Wis. Stat. § 939.62, to him.

Section 2254 of 28 U.S.C. requires that:

Before considering a petition for habeas corpus on its merits, a district court must make two inquiries–whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state

---

[2] The respondent, at footnote 3, does raise procedural default, but only to the extent the petitioner raises claims other than the police entry (which the petitioner does not challenge) and those which were set out in the court's Rule 4 order.

proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992) (quoting Henderson v. Thieret, 859 F.2d 492, 496 [7th Cir. 1988]). Thus, the petitioner first must give the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

The issue of "fair presentment" is also a useful approach for analyzing procedural default. Verdin, 972 F.2d at 1473 (citing United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 n.4 [7th Cir. 1984] ["The analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver cases."]). A petitioner must have presented his claims "at the time and in the way required by state law." Franklin v. Gilmore, 188 F.3d 877, 881 (7th Cir. 1999).

In order to avoid procedural default, a petitioner must fairly present a claim "at each and every level in the state court system . . . ." See Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing O'Sullivan, 526 U.S. at 844-45). The Court of Appeals for the Seventh Circuit explained that "[a] habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." Lewis, 390 F.3d at 1026 (internal citations omitted).

"If the state court declined to reach the merits of the petitioner's claim because of a procedural default, that default must constitute an independent and adequate state-law ground in order to be a bar to federal habeas relief." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). Whether the ground is independent depends on state law and whether it is adequate depends on federal law. Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997). A procedural

- 6 -

default constitutes an independent state-law ground if "the last state court to consider the question actually relied on procedural default as the basis for its decision." Braun, 227 F.3d at 912 (citing Willis v. Aiken, 8 F.3d 556, 561 [7th Cir. 1993]). The state court must have "'clearly and expressly' relied on the procedural default as the basis of its ruling." Id. (quoting Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038 [1989]).

"To be an adequate ground of decision, the state's procedural rule must be both firmly established and regularly followed." Id. (quotations omitted). It must be applied in a "consistent and principled way; it cannot be employed infrequently, unexpectedly, or freakishly." Id. (quotations omitted). Moreover, "[t]he state rule of practice must have been in place, and enforced, 'by the time as of which it is to be applied.'" Liegakos, 106 F.3d at 1385 (quoting Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 [1991]). The disposition of the last state court to issue an opinion determines whether the state has invoked a ground of forfeiture. Liegakos, 106 F.3d at 1385.

In this case, the last state court to consider the issue, the Wisconsin Court of Appeals, relied on procedural default as the basis of its decision. The court determined that "[a]lthough [the petitioner] contends the interpretation set forth in *Mikrut v. State*, 212 Wis. 2d 859, 869-70, 569 N.W.2d 765 (Ct. App. 1997) and *State v. Goldstein*, 182 Wis. 2d 251, 258-59, 513 N.W.2d 631 (Ct. App. 1994), is unconstitutional, he does not provide legal authority to support his position or adequately develop a constitutional argument apart from his statutory argument that the date of the adjudication should be used as the date of conviction." (Respondent's Motion for Summary Judgment, Exh. K at footnote 3). The court did not address any constitutional issues, citing State v. Pettit, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Wis. Ct. App. 1992)

- 7 -

which held that the court "need not consider arguments which are undeveloped or unsupported by references to relevant legal authority." Thus, the procedural default constitutes an independent state procedural ground. Moreover, it is "firmly established and regularly followed" and applied in a "consistent and principled way." See Braun, 227 F.3d at 912.

This court concludes that the Wisconsin Court of Appeals' decision rested on a state ground which was both independent and adequate to support the judgment. Accordingly, the petitioner's claim that the repeater portion of his sentence violates his constitutional rights is barred by procedural default.

Alternatively, the petitioner failed to fairly present in state court his claim that the repeater portion of his sentence violates his constitutional rights. A habeas petitioner may not resort to federal court without first giving the state courts a fair opportunity to address his claims and correct any error of a constitutional magnitude. Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001) (citing 28 U.S.C. § 2254[b],[c]; O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 [1999]). To satisfy that requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise a petitioner will forfeit federal review of his claim. Briley, 243 F.3d at 327; see also, Chambers v. McCaughtry, 264 F.3d 732, 738-89 (7th Cir. 2001).

The court of appeals for this circuit has held that, in absence of a state rule that specifically governs the presentment of a constitutional claim, four factors "bear upon" whether a habeas petitioner has fairly presented his federal claim in state court. Briley, 243 F.3d at 327. These factors are: 1) whether the petitioner relied on federal cases employing constitutional analysis; 2) whether the petitioner relied on state cases that engaged in a constitutional analysis in a similar factual situation; 3) whether the petitioner asserted the claim in terms "so particular

- 8 -

as to call to mind a specific constitutional right;" and 4) whether the petitioner alleged a "pattern of facts that are well within the mainstream of constitutional litigation." Id. The presence of any one of these factors, particularly the first and second factors, does not automatically avoid a waiver. Id. This court must consider the specific facts of each case. Id.

In his petition and subsequent filings with the court, the petitioner alleges that his sentence violates his rights under the First, Third, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Building on this general assertion of constitutional violations, the petitioner further develops two arguments: 1) the application of the state habitual criminality statute violates his due process rights under the Fourteenth Amendment, and 2) the extension of his sentence through applying the state habitual criminality statute constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The first of the four factors is whether the petitioner relied on federal cases which engage in constitutional analysis. The petitioner did not rely on any federal cases employing constitutional due process or cruel and unusual punishment analysis in arguing his claim before the court. In fact, the petitioner did not rely on any federal cases when arguing his second appeal. (Respondent's Brief, Exh. 1). Instead, the petitioner cited only to Wisconsin state court decisions that dealt with the correct application of the habitual criminality statute.

The next factor to be considered is whether the petitioner relied on state cases which apply a constitutional analysis on similar facts. The petitioner did not rely on state cases that engaged in a constitutional due process or cruel and unusual punishment analysis in a similar fashion. While the petitioner relied heavily on state cases in his appeal, these state cases did not engage in any constitutional analysis. (Respondent's Brief , Exh. I at 5-10). Rather, these

- 9 -

cases dealt with the correct application of the state habitual criminality statute. At no point in these cases does the court engage in an analysis of federal constitutional claims.

With respect to the third factor under Briley, the petitioner did not present his claims in terms "so particular as to call to mind a specific constitutional right," particularly due process and cruel and unusual punishment. In his brief on appeal, the petitioner's only reference to constitutional rights is a broad argument that asserts his sentence "violates the fundamental constitutional right guaranteed by the United States Constitution." (Respondent's Brief, Exh. L at 11). Clearly, this is not so particular as call to mind a specific constitutional due process or cruel and unusual punishment right, but rather it is a broad argument encompassing all constitutional rights.

Finally, regarding the fourth factor under Briley, the petitioner must allege a pattern of facts that are well within the mainstream of constitutional litigation. The pattern of facts alleged by the petitioner is not in the mainstream of constitutional litigation. The constitutionality of habitual statutes has been continuously affirmed at the federal appellate and Supreme Court level.

Therefore, under the four Briley factors, the petitioner has procedurally defaulted both his general and specific constitutional claims because he failed to fairly present them in state court first. The petitioner had two opportunities to raise these arguments before the Wisconsin Court of Appeals and failed to do so in each instance. In the first appeal, the petitioner only asserted a claim of ineffective assistance of trial counsel for failure to challenge the legality of police entry into his dwelling. In the second appeal, the petitioner asserted ineffective assistance of trial and appellate counsel for failure to challenge the calculation of the window of time in determining the application of the habitual criminality statute. Therefore, because the

petitioner failed to raise both the due process and cruel and unusual punishment arguments before the state court, the petitioner has procedurally defaulted them.

However, federal courts may review procedurally defaulted claims if the petitioner shows cause for the failure to raise them at the appropriate time and actual prejudice which resulted from such failure. See Wainwright v. Sykes, 433 U.S. 72, 91 (1977). Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a "fundamental miscarriage of justice . . .," that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (internal quotations and citations omitted).

The Supreme Court has stated generally that "cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded the counsel's efforts to comply with the state's procedural rule." Id. at 488. The Court further stated that without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, "a showing that the legal or factual basis for a claim was not reasonably available to counsel, "or that "some interference by officials made compliance impracticable," would constitute cause under this standard. Id. (internal quotations omitted).

The petitioner makes no showing of "cause" for the procedural default, nor does he show that actual prejudice resulted from failure to raise these constitutional claims at the appropriate time. Furthermore, he makes no showing that failure to consider these constitutional claims would result in a fundamental miscarriage of justice. Therefore, because the petitioner has not overcome the exceptions to procedurally defaulted claims, he is not entitled to federal habeas corpus relief for either his due process or his cruel and unusual punishment claims.

In addition to his claims that are procedurally defaulted, the petitioner asserts that he was denied his right to effective assistance of postconviction counsel under Strickland v. Washington, 466 U.S. 668 (1984). Strickland is "clearly established Federal law, as determined by the Supreme Court of the United States." See Washington, 219 F.3d at 627-28.

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996), which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-77 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme

- 12 -

Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]). The court of appeals for this circuit has recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, 232 F.3d 562 (7th Cir. 2000) the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

Pursuant to Strickland, a petitioner "must show that counsel's performance was deficient . . [and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. "Unless a

- 13 -

defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The first component requires a petitioner to show that his trial counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Under the second component, a petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. If the court determines that the petitioner has failed to satisfy either component of the Strickland test, it need not address the other. See Chichakly v. United States, 926 F.2d 624, 630-31 (7th Cir. 1991).

This court must determine whether the Wisconsin Court of Appeals' rejection of the petitioner's ineffective assistance of counsel claim was either "contrary to, or involved an unreasonable application of" the performance and prejudice rules set out in Strickland. See Washington, 219 F.3d at 628. Since the petitioner does not assert that the decision by the Wisconsin Court of Appeals is contrary to the performance and prejudice rules set out in Strickland, this court need only address whether the court's decision involved an unreasonable application of Strickland.

While the Wisconsin Court of Appeals did not explicitly address the petitioner's ineffective assistance of counsel argument in ruling on the petitioner's claim, the court found that the petitioner's trial counsel correctly applied Wis. Stat. § 939.62(2), the habitual criminality statute, at sentencing. The court also found that trial counsel appropriately calculated the window for

- 14 -

which the petitioner could be held liable for habitual criminality. In essence, the court determined that the performance of the petitioner's trial counsel was not deficient and, therefore, the petitioner's postconviction counsel's failure to challenge the trial counsel's calculations was not deficient. The court's conclusion was based entirely on state law. In a petition for a writ of habeas corpus, a federal court does not reevaluate determinations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accordingly, the decision of the Wisconsin Court of Appeals is not an "unreasonable application" of the performance and prejudice rules set out in Strickland.

In sum, the petitioner's petition for a writ of habeas corpus will be denied. The petitioner's claim that the repeater portion of his sentence violates his constitutional rights is procedurally defaulted because the Wisconsin Court of Appeals' decision rested on a state ground which was both independent and adequate to support the judgment and, alternatively, it was not clearly presented before the state court. Additionally, the Wisconsin Court of Appeals' decision that the petitioner's trial and postconviction counsel were not ineffective was not "contrary to" or an "unreasonable application" of Supreme Court law.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion for summary judgment be and hereby is **granted**. (Docket # 23).

**IT IS FURTHER ORDERED** that the petitioner's motion for summary judgment be and hereby is **denied**. (Docket # 31).

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's motion for appointment of counsel be and hereby is **denied**. (Docket # 45).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of March, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge